PROB 12(3/88)

# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

97-20244

FILED BY ___ D.C.

05 JUN 10 PM 5:04

ROBERT R. DI TROLIO
W.D. OF TN, MEMPHIS

U.S.A. vs. Eric Rayford

Docket No. 2:97CR20244-02

### Petition on Probation and Supervised Release

**COMES NOW** Lorin J. Smith, **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Eric Rayford, who was originally placed on supervision by the Honorable Jon P. McCalla, United States District Judge, sitting in the Court at Memphis, Tennessee on the *28th day of May, 1998, who fixed the period of supervision at five (5) years**, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in substance abuse treatment and testing as directed by the probation officer.

2. The defendant shall continue to participated in a Drug Treatment Program. Further the defendant shall be required to contribute to the costs of services for such treatment.

   \* Judgment amended June 6, 1999 changing the term of incarceration from one hundred and fifty-one (151) months to sixty-one (61) months.
   \*\* Original Term of Supervised Release began on May 10, 2002. On February 3, 2005 the Honorable Bernice B. Donald sentenced Mr. Rayford to time served and imposed a term of Supervised Release for two (2) years and seven (7) months.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** that a **WARRANT** be issued for Eric Rayford to appear before the United States District Court to answer to charges of Violation of Supervised Release.

**BOND** _____

**ORDER OF COURT**

Considered and ordered this 10th day of June, 2005, and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2005

_____
Lorin J. Smith
U.S. Probation Officer

Place: Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 6-13-05

**RE:** Eric Rayford
Docket No. **2:97CR20244-02**
Probation Form 12
Page 2

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state or local crime.**

On May 20, 2005 participated in the theft of a maroon Oldsmobile Ninety-Eight automobile. Mr. Rayford states that he was present when Eric Mitchell gained entry into the maroon vehicle by breaking the window. Mr. Rayford admits that he followed the stolen car, driven by Eric Mitchell, to another location with Mr. Mitchell knowing the car to have been stolen for the purposes of robbing a bank.

**The defendant shall refrain from the unlawful use of a controlled substance.**

On April 9, 2005, Eric Rayford tested positive for the use of marijuana.

**The defendant shall not associate with anyone engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted the permission to do so by the probation officer.**

In a statement given May 20, 2005 to Cape Girardeau, MO Police Officer Don Perry, Mr. Rayford states that he traveled to Cape Girardeau, MO with Eric Mitchell. Mr. Mitchell is a convicted felon. Mr. Rayford did not have permission from the probation officer to associate with Eric Mitchell.

**The defendant shall not leave the judicial district without permission of the probation officer or the court.**

On May 19, 2005, Eric Rayford left the Western District of Tennessee and went to Cape Girardeau, MO without the permission of the probation officer.

**The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

On May 20, 2005, Eric Rayford was questioned by the Cape Girardeau Police Department in regards to a bank robbery that occurred that day. As of May 31, 2005, Mr. Rayford has failed to notify the probation officer of that questioning.

## VIOLATION WORKSHEET

1. Defendant: <u>Eric Rayford, 3821 Ladue Street, Memphis, TN</u>

2. Docket Number: <u>2:97CR20244-02</u>

3. District/Office: <u>Western District of Tennessee, Memphis</u>

4. Original Sentence Date   <u>May</u>   <u>28</u>   <u>1998</u>
                                      month    day    year

*(If different than above):*

5. Original District/Office:

6. Original Docket Number:

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| **New Criminal Conduct: Automobile Theft** | B |
| **Use of Drugs** | B |
| **Association With A Convicted Felon** | C |
| **Leaving the Judicial District** | C |
| **Failure to Notify Probation Officer of Questioning by Law Enforcment** | C |

8. Most Serious Grade of Violation (see §7B1.1(b))      B

9. Criminal History Category (see §7B1.4(a))74      IV

10. Range of imprisonment (see §7B1.4(a))      | 12 - 18 months |

    Being originally convicted of a Class A Felony the Statutory Maximum is 60 months.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { } (a) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, § 7B1.3(c)(1) provides sentencing options to imprisonment.

    { } (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, § 7B1.3(c)(2) provides sentencing options to imprisonment.

    {X} (c) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

**Defendant: Eric Rayford**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine community confinement, home detention, or intermittent confinement Previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see § 7B1.3(d)}:

    Restitution_____N/A_____         Community Confinement_____N/A_____
    Fine_____N/A_____                 Home Detention_____N/A_____
    Other/Special Assessment___N/A___   Intermittent Confinement___N/A___

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of § §5D1.1-1.3 {see § §7B1.3(g) (1)}.
                    Term:

    If supervised release is revoked and the term of imprisonment imposed is less than the maxim term of imprisonment upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see18U.S.C.§3583(e) and §7B1.3(g) (2)}.

    Period of supervised release to be served following release from imprisonment: [___]

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    §7B1.4 (4) Where the original sentence was the result of a downward departure, or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted.

    Mr. Rayford's sentence was reduced from the originally ordered 151 to 61 months due to a 5K1 reduction.

15. **Official Detention Adjustment {see §7B1.3(e)}: [Adjust Months] months [Adjust Days] days**

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 100 in case 2:97-CR-20244 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT